# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAPITAL ONE, NATIONAL ASSOCIATION AND EQUIFAX INFORMATION SERVICES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MILAN KUNWAR

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
2017 JUL 18 PH 3:10
CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY S. Alvarez, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Downtown Superior Court
*(El nombre y dirección de la corte es):*

191 North First Street San Jose, CA 95113

**CASE NUMBER:** *(Número del Caso):* 17CV313219

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
McCarthy Law PLC, 4250 N. Drinkwater Blvd, Ste 320, Scottsdale, AZ 85251, 602-456-8900

DATE: JUL 1 8 2017    Clerk, by S. Alvarez, Deputy
*(Fecha)*                     *(Secretario)*           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* EQUIFAX INFORMATION SERVICES, LLC
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 17701.16
4. ☒ by personal delivery on *(date):* 7/21/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

McCARTHY LAW PLC

Ashley Tuchman, 258719
Garrett Charity, 285447
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
ashley.tuchman@mccarthylawyer.com
garrett.charity@mccarthylawyer.com
Attorneys for Plaintiff

ENDORSED
2017 JUL 18 PM 3:10

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY S. Alvarez DEPUTY

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

| | |
|---|---|
| MILAN KUNWAR,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No.: 17CV312921<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.* and CA Civ. § 1785 *et seq.*)**<br><br>Demand: Exceeds $10,000 But Does Not exceed $25,000<br><br>Limited Case |

TO CAPITAL ONE, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC:

COMES NOW MILAN KUNWAR ("Plaintiff"), by and through counsel, for causes of action against Defendants, CAPITAL ONE, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, and alleges the following on information and belief:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. The Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

3. That Plaintiff received a Form 1099-C, "Cancellation of Debt," discharging the debt owed for Plaintiff's account.

4. That Plaintiff obtained his consumer credit reports and discovered that the account

associated with the Form 1099-C, "Cancellation of Debt," was being reported incorrectly. Accordingly, Plaintiff filed written dispute letters, with supporting documentation, through the responsible consumer reporting agencies.

5. That Defendants willfully failed to correct the error contained within Plaintiff's consumer credit reports and willfully failed to conduct a re-investigation upon receipt of the written dispute.

6. That Defendants failed to maintain reasonable procedures to assure maximum accuracy of the information contained within Plaintiff's consumer credit reports.

## II. PARTIES

7. Plaintiff is a resident of Santa Clara, California.

8. Defendant, CAPITAL ONE, NATIONAL ASSOCIATION ("Capital One"), has designated the following address for service: CSC - LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR SUITE 150N, SACRAMENTO, CALIFORNIA 95833.

9. Defendant, EQUIFAX INFORMATION SERVICES, LLC a.k.a. Equifax, INC. ("Equifax"), is a credit reporting agency licensed to do business in California as a foreign corporation, and has an address of: CSC – LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CALIFORNIA 95833.

## III. JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA and CA Civ. § 1785.33 of the CCRAA.

11. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

12. Venue is proper as the Plaintiff resides in and the injury occurred in Santa Clara, California and Defendants do business in California.

## IV. FACTUAL ALLEGATIONS

13. That on or around December 31, 2015, Capital One issued a Form 1099-C, "Cancellation of Debt," for Plaintiff's Capital One account ending in 5203-1572 ("Account").

14. The Form 1099-C cancelled the principal balance owed, excluding interest and fees.

15. That, the 1099-C is labeled as a "Cancellation of Debt", thus canceled and discharged the principal balance owed, excluding interest and fees.

16. Subsequently, Defendant Capital One submitted a Form 1099-C, "Cancellation of Debt," to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant Capital One.

17. Due to the issuance of the Form 1099-C, Plaintiff was obligated to pay income taxes to the IRS on the cancelled debts.

18. It would be inequitable to the Plaintiff, who had to pay income taxes on the cancelled debts, to allow Defendant Capital One, who reported to the IRS that the indebtedness was cancelled, to also be allowed to collect the cancelled debts from Plaintiff, thereby creating a situation wherein the Plaintiff pays more than what was owed.

19. That Defendant Capital One still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's consumer credit reports.

20. That, sometime in or around July 26, 2016, Plaintiff obtained his consumer credit report from Equifax and discovered that Defendant Capital One was inaccurately reporting the Account.

21. That, on or about January 6, 2017, Plaintiff sent a written dispute regarding the accuracy of the derogatory and erroneous balance information reported by the Defendant Capital One pertaining to the Account, directly to Defendant Equifax.

22. Upon information and belief, Defendant Equifax forwarded at least a portion of Plaintiff's written dispute to Defendant Capital One.

23. That, on or about January 25, 2017, Defendants responded to Plaintiff's written dispute for the Account without removing the derogatory and erroneous balance information that was identified in Plaintiff's dispute letter for the Account.

24. That, Defendant Capital One willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies, and to the detriment of the consumer Plaintiff.

25. That, Defendant Capital One is willfully reporting derogatory and inaccurate information

about Plaintiff to the consumer reporting agencies, Equifax.

26. That Defendant Equifax failed to conduct a reasonable reinvestigation on the Account to the detriment of the consumer Plaintiff.

## V. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

27. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. That, Defendant Equifax is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f).

29. That, Plaintiff sent a written dispute to Defendant Equifax concerning the accuracy of the information contained within his consumer credit report regarding the derogatory and erroneous balance information being reported on the Account, on January 6, 2017.

30. That, Defendants responded to Plaintiff's written dispute for the Account on January 25, 2017, and failed to correct or remove the erroneous balance information that was identified in Plaintiff's dispute letter for the Account.

31. That Defendant Capital One willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies in violation of 15 U.S.C. § 1681S-2(b) and to the detriment of the consumer Plaintiff.

32. That Defendant Capital One is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agency, as defined by 15 U.S.C. § 1681a, by continuing to report a balance on the Account.

33. That Defendant Equifax willfully failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff.

34. That Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to the Account, in violation of 15 U.S.C. § 1681e.

35. That the foregoing acts and omissions of Defendants Capital One and Equifax constitute unacceptable violations of the FCRA.

## VI. SECOND CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA
## CONSUMER CREDIT REPORTING AGENCIES ACT
## CA Civ. § 1785.1 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. That, Defendant Equifax, is a credit reporting agency, as defined by CA Civ § 1785.3(d).

38. That, on or about January 6, 2017, and in accordance with CA Civ § 1785.16(a), Plaintiff sent a written dispute directly to Defendant Equifax regarding the Account and the accuracy of the erroneous balance information contained on his consumer credit report, as defined by CA Civ § 1785.3(c).

39. That, Defendants responded to Plaintiff's written dispute for the Account on January 25, 2017, and failed to correct or remove the erroneous balance information that was identified in Plaintiff's dispute letter for the Account.

40. That, Defendant Capital One is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agency, as defined by CA Civ. § 1785.3(d), by continuing to report a balance on the Account, in violation of CA Civ. § 1785.25(f).

41. That, Defendant Equifax is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

42. That, Defendant Equifax failed to conduct a reasonable investigation to correct the inaccurate and misleading reporting of the disputed Account in violation of CA Civ. § 1785.16, and to the detriment of the consumer Plaintiff.

43. That, Defendant Equifax willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit reports in violation of CA Civ. § 1785.14.

44. The foregoing acts and omissions of Defendants Capital One and Equifax constitute unacceptable violations of the CCRAA.

### VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for

willful noncompliance of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act, and seeks her statutory remedies, as defined by 15 U.S.C. § 1681n and CA Civ. § 1785.31, and demands the following:

### AS TO COUNT I:

1. Actual damages to be shown at trial, or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);
2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### AS TO COUNT II:

1. Actual damages, pursuant to CA Civ § 1785.31(a)(1) and CA Civ § 1785.31(a)(2), including court costs, loss of wages, attorney's fees, and pain and suffering;
2. Punitive damages, pursuant to CA Civ § 1785.31(a)(2)(B) and CA Civ § 1785.31(a)(2)(C), of not less than $100 and not more than $5,000 for each violation as the court deems proper, and any other relief that the court deems proper for Defendant's willful violation;

Respectfully submitted this 11th day of July, 2017.

MCCARTHY LAW, PLC

By: *[signature]*
Ashley Tuchman, Esq.
Garrett Charity, Esq.
Attorneys for Plaintiff